Law Offices of
Christine Carey Lilore (6172)
386 Main Street
Wyckoff, N.J. 07481
(201) 560-9922

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CAROL MARESCA | Civil Action No. |
| Plaintiff | |
| THE PORT AUTHORITY OF NY & NJ, a Bi-state agency, ERNESTO BUTCHER, Chief Operating Officer of the Port Authority, ANTHONY COSCIA, Chairman, Port Authority Board of Directors, CHRISTOPHER WARD, Executive Director, Port Authority, SUSAN BASS LEVIN, former Deputy Executive Director, Port Authority, LOUIS LACAPRA, Chief Administrative Officer, Port Authority, MARYLEE HANNELL, Director, Human Resources Department, Port Authority, SAMUEL J. PLUMERI JR. Former Director, Public Safety/ Superintendent, Port Authority Police Department, and JOHN DOES 1-5 AND JANE DOES 1-5, ( Fictitious names for Supervisors, agents, Representatives and/or employees of the Port Authority of New York and New Jersey who acted to discriminate and/or further violate Plaintiff's rights on behalf of the Port Authority of New York and New Jersey) Defendants | COMPLAINT AND JURY DEMAND |

Plaintiff, Carol Maresca, residing at 251 Rathbun Avenue, Staten Island, N.Y. 10312, as and for her Complaint against Defendants, alleges as follows:

## BACKGROUND AND JURISDICTION

1. The Plaintiff is a citizen of the State of New York and was employed by Defendant, Port Authority of New York and New Jersey within the State of New Jersey at all relevant times herein in Jersey City, New Jersey. This action is brought to remedy discrimination on the basis of sex in the terms, conditions and privileges of employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et. seq. ("Title VII"); violation of the Equal Pay Act; and violation of Plaintiff's constitutional rights to due process and equal protection rights pursuant to 42 U.S.C. § 1983.

2. The Defendant, the Port Authority of New York and New Jersey ("Port Authority" or "Defendant Port Authority"), is a bi-state agency, a body politic of New York and New Jersey, with business offices at One Path Plaza in Jersey City, New Jersey within the jurisdiction of this Court and at the times hereinafter mentioned defendant employed Plaintiff. The Defendant, Ernesto Butcher, is the Chief Operating Officer of the Port Authority, who removed Plaintiff from her position as Deputy Director, Public Safety/Deputy Superintendent, Port Authority Police Department. He was at all times a supervisory employee of the Port Authority of New York and New Jersey, as defined under Title VII and 42 U.S.C. § 1983. Anthony Coscia, Chairman, Port Authority Board of Directors, on behalf of the Port Authority, upon information and belief was consulted and approved the removal of Plaintiff from her previous position; Christopher Ward, Executive Director, Susan Bass Levin, former Deputy Executive Director, Louis LaCapra, Chief Administrative Officer, Mary Lee Hannell, Director, Human Resources Department, Samuel J. Plumeri Jr., former Director, Public

2

Safety/Superintendent, Port Authority Police Department, were involved in the decision to remove Plaintiff from her former position and creating the alternate position and denying Plaintiff her position/title and benefits previously associated with her employment, including, but not limited to the denial of her merit increase for 2008-2009, and therefore would be considered supervisory and/or managerial employees and/or acting on behalf of the "employer", the Port Authority of New York and New Jersey as defined under Title VII and 42 U.S.C. § 1983. John Does 1-5 and Jane Does 1-5, are fictitious names, for any other supervisory employees involved in the discriminatory actions, whose names are at this point unknown.

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1343, 42 U.S.C. §2000e and 29 U.S.C. § 626 in addition to 28 U.S.C. § 1337, relating to "any civil action or proceeding arising under any Act of Congress regulating commerce" as well as 28 U.S.C. § 1331 and 1343 as this action arises under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983. Venue is proper within the District of New Jersey because the unlawful practices complained of herein occurred within the District of New Jersey.

4. On or about September 4, 2009, Plaintiff filed a timely charge alleging sex discrimination under Title VII and Equal Pay Act with the United States Equal Employment Opportunity Commission (hereinafter "EEOC"). The matter was transferred from the Newark EEOC office to the New York State EEOC and the formal charge was issued on or about November of 2009.

5. In a letter dated February 8, 2010, the EEOC notified Plaintiff of her right to institute a civil action under Title VII and Equal Pay Act (Right to Sue Letter). A true copy of the right to sue notice is annexed hereto as Exhibit A. The within Complaint is filed within 90 days of receipt of the same letter.

## FIRST COUNT
(Title VII)

1. The Plaintiff is female and has been employed by the Port Authority for approximately 25 years. On or about May of 2004, the Port Authority solicited Plaintiff to join Public Safety as an Assistant Director and offered and promoted Plaintiff to the position of Assistant Director, Public Safety with company vehicle and gas card. After 9/11, the Public Safety Department, was greatly affected and in need of strong management. Within a year of taking the position, the Public Safety Department's financial expenses were below budget and numerous initiatives to organize the department were undertaken and successfully completed to meet the mandates of Department of Homeland Security, the Transportation Security Administration, Federal Aviation Administration, the National Security Administration and other related agencies. Plaintiff continued to undertake greater day to day responsibility overseeing the uniformed police staff and business of the Port Authority which is the 23rd largest law enforcement agency in the nation with 1,650 uniform staff and close to 150 civilian staff.

2. In recognition of Plaintiff's leadership and her excellent work performance, in June of 2005, she was promoted to Deputy Director, Public Safety (given the raise and an annual salary of approximately $145,000 for the year 2005 and $152,000.00 for the year 2006) and thereafter in recognition of her abilities, background, and excellent work performance, in August of 2007, Plaintiff was promoted to Deputy Director, Public Safety/Deputy Superintendent, Port Authority Police Department and as part of her job she also oversaw the Port Authority Office of Emergency Management and staff. Plaintiff was the first female employee to be promoted to a position in senior leadership with Port Authority Public Safety/Port Authority Police Department and received the maximum yearly increases and excellent evaluations. In 2007, as part of her promotion, her salary was increased to $171,392.00 (which included the maximum merit

4

increase she was advised could be given to any employee).   In 2009, she was therefore earning approximately $171,000 annually in that position.   Throughout her employment within the senior management of the Public Safety Department, Plaintiff received excellent evaluations, performance reviews and she was advised that she was given the maximum merit increases that could be given.   There were therefore no problems related to her work performance.

3. On or about June 23, 2009, the Chief Operating Officer of the Port Authority, Ernesto Butcher, advised Plaintiff that she was being involuntarily removed from her position as Deputy Director, Public Safety/Deputy Superintendent, Port Authority Police Department, in Jersey City and was being given a job "newly" created in the Technology Services Department (computers) in New York City for which she had no experience.   The position being offered had not previously existed and was not therefore an established permanent position within the Port Authority.   Plaintiff was ultimately ordered to turn over both her vehicle and her gas card.   The vehicle and gas card were provided as benefits associated with Plaintiff's job at the time that she first joined the Public Safety Department in 2004 as Assistant Director and continuing up to and including June 23, 2009.   No explanation was ever given as to who made that decision (to remove Plaintiff from her title and position, remove her vehicle and fuel reimbursement and other benefits of her prior position) and upon what basis any such decision was made and despite demands for the reasons that any such decision was made or the reasons upon which it was based, such demands have to this date remained unanswered by Defendant Port Authority.

4. The "new" position for which Plaintiff was ordered to report would require Plaintiff to travel into New York City, necessitating the use of a company vehicle, which was now taken away.   The decision to remove Plaintiff from her position and place her in a "newly" created position for which she had no experience and deny Plaintiff equal pay, and benefits as

received by her male counterpart, was undertaken, upon information and belief, through the direct actions of Defendants, Butcher, Coscia, Ward, Levin, LaCapra, Hannell and Plumeri, supervisory employees of the Port Authority of New York and New Jersey as named herein. As such, they were acting as agents and/or supervisory employees for Defendant Port Authority.

5. Plaintiff was advised that Arthur J. Cifelli, a male employee, would be assuming her job and title. Mr. Cifelli had only been an employee with the Port Authority for seven years, having obtained his first position through a political appointment in approximately 2003 and did not have the same educational background and had far less work experience as Plaintiff. Plaintiff had previously earned as Deputy Director, Public Safety/Deputy Superintendent, Port Authority Police Department a yearly salary of approximately $171,363 and she learned that Mr. Cifelli was to earn for the same position (and having had less experience than Plaintiff) the annual salary of approximately $209,000, the difference of approximately $40,000 annually. Plaintiff was removed from her office to a much smaller office down the hallway and later removed by Mr. Cifelli from that office and told to move to a much smaller office on the same floor that was further away from key staff, therefore isolating Plaintiff. The office had previously been used only by middle to low management, not senior management.

6. Defendant, Port Authority, intentionally discriminated against the plaintiff in the terms and conditions of her employment on the basis of her gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et.seq.

7. As a direct and proximate result of Defendants' actions, the Plaintiff has suffered and will continue to suffer financial damage, including but not limited to the denial of her merit increase for the years 2008-2009, loss of use as a benefit and other severe injury, including damages for mental anguish and humiliation and damage to her reputation in addition to the

denial of the benefits associated previously with her employment, including the use of a vehicle and fuel reimbursement. In addition, as a result of the actions of Defendants herein, Plaintiff suffered the severe aggravation of a rheumatoid arthritis condition she suffers from and Plaintiff has been told that the physical damage caused and/or aggravated by the stress she suffered as a result of Defendants may be irreversible and Plaintiff remains out on long term sick at the present time. While on sick leave, Plaintiff was told she had to appear on behalf of the Port Authority for depositions and as such, under the normal policies and procedures of the Port Authority, she would have been entitled to sick time replenishment for those two separate occasions but was denied that benefit as well.

8. As a direct and proximate result of Defendants' actions as foresaid, the Plaintiff sustained severe and irreparable injuries that cannot fully be remedied with the award of monetary damages and therefore Plaintiff seeks further injunctive and/or equitable relief in addition to the award of monetary damages, interest and costs of suit.

9. Defendants' actions were willful and malicious and Defendants' actions which constitute intentional discrimination on the basis of gender, continues through the date of this Complaint and therefore the damages are continuing and will continue to accrue including the damage to Plaintiff's reputation in the industry and future employment in the industry.

**WHEREFORE**, Plaintiff prays that the Court will:

A. Reinstate Plaintiff to her former position as Deputy Director, Public Safety/Deputy Superintendent, Port Authority Police Department;

B. Award Plaintiff all monetary damages to which she is entitled, including compensatory damages, and punitive damages.

  C. Award Plaintiff interest, including pre-judgment interest on all amounts as determined by the Court;

  D. Award Plaintiff reasonable attorneys' fees and costs of this action.

  E. Grant Plaintiff such other relief as the court deems just and proper.

## SECOND COUNT
(Equal Pay Act)

  1. Plaintiff repeats and realleges each allegation contained in the First Count as if fully set forth herein.

  2. Defendant, the Port Authority, violated the provision of the Equal Pay Act, 29 U.S.C. § 206(d)(1) by its systematic failure to pay Plaintiff, a female, the same salary and benefits that it paid to her male successor for the same statutorily defined position. The Port Authority by removing Plaintiff, without legitimate business reasons and replacing her with a male employee with no experience for the same job, title, position for which the Port Authority was discriminatory. Defendant pays the male employee more pay for equal work in a position that requires equal skill, effort and responsibility and is being performed under similar working conditions. This policy of paying male employees more than female employees for the same position and/or work is believed to have been ongoing during the entire employment of Plaintiff and therefore Plaintiff, upon information and belief, has continuously been paid less than her male counterparts for the same positions and/or work. As a result of the existence of an ongoing policy of unequal pay for the same job within the Port Authority, claims and/or lawsuits having been filed by other employees similarly treated prior to the filing of the within Complaint.

  3. As a direct result of Defendants' actions, Plaintiff suffered monetary damages including the difference in salary she received upon appointment to the position as Assistant

Director, Public Safety in approximately 2004 (and in previous years) to what her male counterpart was offered for the same position and thereafter she received less is compensation that her male counterpart for the position as Deputy Director, Public Safety/Deputy Superintendent, Port Authority Police Department. Plaintiff's damages therefore include the difference in salary for all requisite periods as determined by the Court, including back pay, front pay, interest, (including pre-judgment interest) on all amounts determined by the Court.

**WHEREFORE**, Plaintiff prays that the Court will:

A. Award Plaintiff all monetary damages to which she is entitled, including compensatory damages, punitive damages, if appropriate and interest including pre-judgment interest.

B. Award Plaintiff reasonable attorneys' fees and costs of this action.

C. Grant Plaintiff such other relief as the court deems just and proper.

## THIRD COUNT
(42 U.S.C. 1983)

1. Plaintiff repeats and realleges each allegation contained in the First and Second Counts as if fully set forth herein.

2. Defendants, Ernesto Butcher, Anthony Coscia, Christopher Ward, Susan Bass Levin, Louis LaCapra, Mary Lee Hannell and Samuel J. Plumeri Jr., and/or John Does 1-5 and/or Jane Does 1-5, were at all relevant times herein acting under the color of law and under the authority of Defendant Port Authority, and subjected Plaintiff to the deprivation of the following rights, privileges and immunities secured by the Constitution and the laws of the United States: her due process rights and equal protection rights under the Fourteenth Amendment to the U.S. Constitution. Plaintiff contends that the Defendant, Butcher, Coscia,

Ward, Levin, LaCapra, Hannell and Plumeri acted individually or conspired with eachother and others, John Does 1-5 and/or Jane Does 1-5, to deprive the Plaintiff of the opportunity to the position she previously earned and held within the Port Authority, and equal pay for the same position she held for approximately 2 and ½ years prior to the appointment of Mr. Cifelli to the same position.

3. Defendant Butcher, as stated above, was an integral part of the decision to remove Plaintiff from her position and replace her with Cifelli and took those actions, as stated above, in furtherance of the decision to remove Plaintiff from her position, and/or deny Plaintiff her automobile and/or gas card, office and/or other benefits.

4. Defendant Coscia, as Chairman of the Board of Directors had the authority and would have had to vote and/or take part in any decision regarding staff at the Deputy Director level and therefore upon information and belief took direct action to deny Plaintiff her position and benefits associated with that decision.

5. Plaintiff was aware that no decision was ever made in her prior employment with the Port Authority concerning removal and placement of at the Deputy Director/Deputy Superintendent level without the direct approval of the Executive Director and Deputy Executive Director. Defendant Ward was at all relevant times in the position as Executive Director and Defendant Levin was at the time Deputy Executive Director.

6. Defendant LaCapra is in charge of Human Resources and the automotive fleet and would have a direct part in the decision to remove Plaintiff, to make up a "new" position for her in the Technology Services Department as well as have her vehicle removed and deny Plaintiff her 2008-2009 merit increase and sick replenishment.

7. Defendant Hannell, as Human Resources Director had to have taken direct action

against Plaintiff to include the merit denial, as well as the denial of sick time replenishing that Plaintiff was entitled to on two separate occasions when she was told she had to appear on behalf of the Port Authority for depositions while on sick leave.

8. Defendant Plumeri, as Director of Public Safety and Superintendent, was Plaintiff's immediate supervisor and had as the head of that Department to have been directly involved in the decision to remove Plaintiff. Defendant Plumeri had been a political appointee of former Governor Corzine and at the swearing in ceremony of the new Director/Superintendent Fedorko and Deputy Director/Deputy Superintendent Cifelli, it was said that Defendant Plumeri had the entire new team planned and in the works for "over three months."

9. Defendant, Port Authority, has a policy, custom or practice, of discriminating against individuals on the basis of sex or gender, through removals from previously held supervisory positions, replacement of those individuals by male employees, failure to promote, and unequal pay for the same position or similar positions between men and women, and/or failure to adhere to the due process and equal protection provisions as set forth in the Fourteenth Amendment to the U.S. Constitution as well as the provisions of Art. I Par 1 of the New Jersey Constitution which prohibits sex discrimination in employment.

10. As a direct result, and continuing hereafter, Plaintiff has lost wages and will continue to lose wages based upon sex discrimination through a continuing course of conduct and violation of the law by the Defendant, Port Authority, through his supervisors, such as Defendant Butcher. Plaintiff is entitled to statutory attorney's fees pursuant to the provisions of 42 U.S.C. §1988 as well as injunctive relief in addition to an award of compensatory and punitive damages.

**WHEREFORE,** Plaintiff prays that the Court will:

A. Reinstate Plaintiff to her former position as Deputy Director, Public Safety/Deputy Superintendent, Port Authority Police Department;

B. Award Plaintiff all monetary damages to which she is entitled, including compensatory damages, and punitive damages, if appropriate.

C. Award Plaintiff interest, including pre-judgment interest on all amounts as determined by the Court;

D. Award Plaintiff reasonable attorneys' fees and costs of this action.

E. Grant Plaintiff such other relief as the court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues as permitted by law.

## CERTIFICATION

The undersigned does hereby certify that the matter here in controversy is not the subject matter of any other action pending in any other Court, or of any arbitration proceedings, nor is any other action or arbitration proceeding contemplated. Further, the undersigned is not aware of the name of any other party that should be joined in this action..

LAW OFFICES OF
CHRISTINE CAREY LILORE
Attorney for Plaintiff

By: /s/ Christine Carey Lilore (6172)
_____
386 Main Street
Wyckoff, N.J. 07481
(201) 560-9922

Dated: March 2, 2010

# EXHIBIT A

EEOC Form 141-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

FEB 1 1 2010

To: Carol Maresca
251 Rathbun Ave.
Staten Island, NY 10312

From: New York District Office
33 Whitehall Street
5th Floor
New York, NY 10004

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 524-2009-01400 | Katherine Greenfield, Investigator | (212) 336-3762 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____  7/8/10
Spencer H. Lewis, Jr.,              (Date Mailed)
Director

Enclosures(s)

cc: Ms. Stephanie Lewis, Manager
Port Authority of NY & NJ
225 Park Ave. South, 10th Fl.
Office of Equal Opportunity
New York, NY 10013

Christina Carey Lilore
355 Main St.
Wyckoff, NJ 07481